UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>DAVID MORENO FLOREZ,<br><br>Defendant. | Case No.: 1:19-cr-00171 JLT SKO<br><br>ORDER DENYING DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582(c)(2)<br><br>(Doc. 91) |

David Moreno Florez is a federal prisoner moving for compassionate release under 18 U.S.C. § 3582(c)(2) and the "zero-point offender" provision of the retroactive amendments to the U.S. Sentencing Guidelines ("Amendment 821"). (Doc. 91.) The Government opposes the motion, contending that Defendant is ineligible for a reduction because he possessed a firearm in connection with the offense. (Doc. 94.) Defendant did not file a reply. For the reasons set forth below, Defendant's motion is **DENIED**.

On April 22, 2022, pursuant to a written plea agreement, Defendant pled guilty to the manufacture of 1,000 or more marijuana plants, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(A) (Count 1), and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count 3). (Docs. 51, 60.) These charges were based on Defendant's involvement in a marijuana cultivation operation in Sequoia National Forest. (Doc. 51 at 13.) During the execution of a search warrant at the cultivation site, Defendant approached a U.S. Forest Service

1

agent from behind while carrying a loaded AR-15 style rifle. (*Id.*) Following Defendant's guilty plea, a "Presentence Investigation Report" ("PSR") was prepared by the probation officer. The PSR indicated a total offense level of 21. (*See* Doc. 71, PSR ¶ 35.) Defendant was assessed 0 criminal history points, which placed him in criminal history category I, according to the sentencing table at U.S.S.G. Chapter 5, Part A. (PSR ¶¶ 42-44.) Based on Defendant's offense level and criminal history category, the advisory guideline imprisonment range was 37 to 46 months. (PSR ¶ 79.) However, the statutory minimum terms of imprisonment for both Counts exceeded the maximum of the applicable guidelines range. (*Id.*) Thus, the guideline term of imprisonment was the statutory minimum of 120 months as to Count 1 and five years as to Count 3. (*Id.*)

The Court held a sentencing hearing on August 12, 2022. (Doc. 83.) The Court adopted the findings in the PSR without change. (Statement of Reasons ("SOR") at 1.) The Court departed downward for the reasons stated in Sections II and V of the Statement of Reasons and applied a downward variance based on the sentencing factors set forth at 18 U.S.C. § 3553(a). (SOR at 1-3.) The Court also applied U.S.S.G. § 5K2.17, which provides for an upward departure in cases where a defendant possessed a semiautomatic firearm capable of accepting a large capacity magazine in connection with a crime of violence or controlled substance offense. (SOR at 2.) Defendant was sentenced to 84 months in custody on Count 1 and 60 months in custody on Count 3, to be served consecutively for a total term of 144 months. (Doc. 83; Doc. 84 at 2.)

Defendant now asks the Court to reduce his sentence under Part B, Subpart 1 of Amendment 821 to the U.S. Sentencing Guidelines, which provides a two-offense-level reduction for certain "zero-point offenders" who present zero criminal history points and satisfy the remaining criteria listed in U.S.S.G. § 4C1.1(a). *See* U.S.S.G. § 4C1.1. Specifically, a defendant must meet each of the following:

1. the defendant did not receive any criminal history points from Chapter Four, Part A;
2. the defendant did not receive an adjustment under § 3A1.4 (Terrorism);
3. the defendant did not use violence or credible threats of violence in connection with the offense;
4. the offense did not result in death or serious bodily injury;
5. the instant offense of conviction is not a sex offense;

6. the defendant did not personally cause substantial financial hardship;

7. *the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;*

8. the instant offense of conviction is not covered by § 2H1.1 (Offenses Involving Individual Rights);

9. the defendant did not receive an adjustment under § 3A1.1 (Hate Crime Motivation or Vulnerable Victim) or § 3A1.5 (Serious Human Rights Offense); and

10. the defendant did not receive an adjustment under § 3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

U.S.S.G. § 4C1.1(a) (emphasis added).

Defendant seeks a two-offense-level reduction on the basis that he meets the criteria under § 4C1.1(a). (Doc. 91 at 3.) However, as indicated above, this is inaccurate. Defendant possessed an AR-15 style rifle in connection with the offenses charged. (Doc. 51 at 13; PSR ¶ 11.) As such, the sentencing judge applied an upward departure based on Defendant's possession of a high-capacity, semiautomatic weapon in connection with the offense. (SOR at 2.) Most importantly, Defendant pled guilty to, and was convicted of, possession of a firearm in furtherance of a drug trafficking crime. (Docs. 51, 60, 83.) Therefore, Defendant does not meet the criteria set forth at U.S.S.G. § 4C1.1(a)(7) and, as a result, he is ineligible for relief under 18 U.S.C. § 3582(c)(2). The Court does not consider the sentencing factors enumerated in 18 U.S.C. § 3553(a). *Dillon v. United States*, 560 U.S. 817, 827 (2010).

Based upon the foregoing, Defendant's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(2), (Doc. 91), is **DENIED**.

IT IS SO ORDERED.

Dated:   **October 18, 2024**

UNITED STATES DISTRICT JUDGE